Case 1:19-cv-07726-JGK   Document 50   Filed 11/18/20   Page 1 of 16

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Smart Study Co., Ltd.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMART STUDY CO., LTD.,

*Plaintiff*

v.

-SUPERMOM STORE, 27KIDS STORE, ANGELA918, BABY CUTEYEE TOY STORE, BABY TOY WORLD STORE, BACKGROUND STORE, CHILDREN'S INTEREST STORE, CUSTOMIZED & DREAM STORE, CUSTOMSERVICE STORE, DECORATE LIFE STORE, DONGGUAN AUSPICIOUS INDUSTRIAL CO., LTD., DONGGUAN HUAWANG INDUSTRIAL COMPANY LIMITED, DONGGUAN HUIBAO TOYS & GIFTS CO., LTD., DONGGUAN LITTLE HOT TOYS CORPORATION LIMITED, ELIFE STORE, FAIRYTALE TOY CITY STORE, FINGERTOY STORE, GOOD FELLOWS STORE, GUANGDONG HAYIDAI TOYS CO., LTD., GUANGZHOU FUNTOYS CO., LTD., GUANGZHOU YINGJI JIEWU JEWELRY CO., LTD., GUMP SHOP STORE, HI BABYS STORE, HIBABYS STORE, IVY FASHION ZONE, J&M FACTORY, JD CRAFTS STORE, JY HANDMADE STORE, LILY-LEMON OFFICIAL STORE,

19-cv-7726 (JGK)

**FINAL DEFAULT JUDGMENT
AND PERMANENT
INJUNCTION ORDER**

MINROHAISU STORE, MODILIFE STORE, NANJING SUMOUR TOYS & ARTS CO., LTD., NANTONG OPERA IMP. & EXP. CO., LTD., PHOTOGRAPHY BACKDROP STORE, PICKME STORE, PRINCESS & THE BEAST, RIBBONCRAFTS STORE, SEAMLESSBACKDROP STORE, SF BABY STORE, SHENZHEN HOTTER TECHNOLOGY CO., LTD., SHOP1895508 STORE, SHOP2974021 STORE, SHOP3022012 STORE, SHOP3272017 STORE, SHOP3660111 STORE, SHOP4448011 STORE, SHOP4510007 STORE, SHOP4585026 STORE, SHOP4836084 STORE, STRIKTA BAG STORE, SUNNY TOYS (SHENZHEN) COMPANY LIMITED, SUPERHERO CAPES STORE, SUPERMOM- STORE, SUZHOU MYGREEN TEXTILES CO., LTD., TOOTTOYS STORE, TOY COUNTRY PERFACT STORE, UUFLY STORE, VICKY PARTY SUPPLIES STORE, XIAMEN MIDI RIBBONS & CRAFTS CO., LTD., YANGZHOU DIXIN TOYS CO., LTD., YANGZHOU LANGTE CRAFT CO., LTD., YANGZHOU MILLFFY TEXTILE CRAFTS CO., LTD., YANGZHOU STEP TOYS & GIFTS CO., LTD., YANGZHOU ZHONGXI PLUSH TOYS GIFT CO., LTD., YIWU CITY JINRUN IMPORT AND EXPORT CO., LTD., YIWU DOLPHINESHOW TRADING CO., LTD., YIWU GREEN SHINE GIFTS AND TOYS CO., LTD., YIWU MINGKAI GARMENT CO., LTD. and YIWU SUE LUCKY GARMENTS FACTORY,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
|------|-----------|---------------------|
| **Plaintiff or "Smart"** | Smart Study Co., Ltd. | N/A |
| **Defendants** | -Supermom Store, 27kids Store, angela918, Baby Cuteyee Toy Store, Baby Toy World Store, background Store, Children's interest Store, Customized & Dream Store, Customservice Store, Decorate life Store, Dongguan Auspicious Industrial Co., Ltd., Dongguan Huawang Industrial Company Limited, Dongguan Huibao Toys & Gifts Co., Ltd., Dongguan Little Hot Toys Corporation Limited, Elife Store, Fairytale Toy City Store, Fingertoy Store, Good Fellows Store, Guangdong Hayidai Toys Co., Ltd., Guangzhou Funtoys Co., Ltd., Guangzhou Yingji Jiewu Jewelry Co., Ltd., Gump Shop Store, Hi babys store, hibabys Store, Ivy Fashion Zone, J&M Factory, JD Crafts Store, JY Handmade Store, Lily-Lemon Official Store, Minrohaisu Store, MoDiLife Store, Nanjing Sumour Toys & Arts Co., Ltd., Nantong Opera Imp. & Exp. Co., Ltd., Photography Backdrop Store, PICKME Store, PRINCESS & THE BEAST, Ribboncrafts Store, seamlessbackdrop Store, SF Baby Store, Shenzhen Hotter Technology Co., Ltd., Shop1895508 Store, Shop2974021 Store, Shop3022012 Store, Shop3272017 Store, Shop3660111 Store, Shop4448011 Store, Shop4510007 Store, Shop4585026 Store, Shop4836084 Store, Strikta Bag Store, Sunny Toys (Shenzhen) Company Limited, Superhero Capes Store, SUPERMOM- Store, Suzhou Mygreen Textiles Co., Ltd., TooTtoys Store, Toy Country Perfact Store, uufly store, Vicky Party Supplies Store, Xiamen Midi Ribbons & Crafts Co., Ltd., Yangzhou Dixin Toys Co., Ltd., Yangzhou Langte Craft Co., Ltd., Yangzhou Millffy Textile Crafts Co., Ltd., Yangzhou STEP Toys & Gifts Co., Ltd., Yangzhou Zhongxi Plush Toys Gift Co., Ltd., Yiwu City Jinrun Import and Export Co., Ltd., Yiwu Dolphineshow Trading Co., Ltd., Yiwu Green Shine Gifts And Toys Co., Ltd., Yiwu Mingkai Garment Co., Ltd. and Yiwu Sue Lucky Garments Factory | N/A |
| **Defaulting Defendants** | -Supermom Store, 27kids Store, angela918, Baby Cuteyee Toy Store, Baby Toy World Store, background Store, Children's interest Store, Customized & Dream Store, Customservice Store, Decorate life Store, | N/A |

| | Dongguan Auspicious Industrial Co., Ltd., Dongguan Huawang Industrial Company Limited, Dongguan Huibao Toys & Gifts Co., Ltd., Dongguan Little Hot Toys Corporation Limited, Fairytale Toy City Store, Fingertoy Store, Good Fellows Store, Guangdong Hayidai Toys Co., Ltd., Guangzhou Funtoys Co., Ltd., Guangzhou Yingji Jiewu Jewelry Co., Ltd., Gump Shop Store, Hi babys store, hibabys Store, Ivy Fashion Zone, J&M Factory, JD Crafts Store, Lily-Lemon Official Store, Minrohaisu Store, MoDiLife Store, Nanjing Sumour Toys & Arts Co., Ltd., Nantong Opera Imp. & Exp. Co., Ltd., PICKME Store, PRINCESS & THE BEAST, Ribboncrafts Store, seamlessbackdrop Store, SF Baby Store, Shenzhen Hotter Technology Co., Ltd., Shop2974021 Store, Shop3022012 Store, Shop3272017 Store, Shop3660111 Store, Shop4448011 Store, Shop4510007 Store, Shop4585026 Store, Shop4836084 Store, Strikta Bag Store, Sunny Toys (Shenzhen) Company Limited, Superhero Capes Store, SUPERMOM- Store, Suzhou Mygreen Textiles Co., Ltd., TooTtoys Store, Toy Country Perfact Store, Vicky Party Supplies Store, Yangzhou Dixin Toys Co., Ltd., Yangzhou Langte Craft Co., Ltd., Yangzhou Millffy Textile Crafts Co., Ltd., Yangzhou STEP Toys & Gifts Co., Ltd., Yangzhou Zhongxi Plush Toys Gift Co., Ltd., Yiwu City Jinrun Import and Export Co., Ltd., Yiwu Dolphineshow Trading Co., Ltd., Yiwu Green Shine Gifts And Toys Co., Ltd., Yiwu Mingkai Garment Co., Ltd. and Yiwu Sue Lucky Garments Factory | |
|---|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on August 15, 2019 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on August 15, 2019 | Dkt. 7 |

| Application | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 15, 2019 | Dkts. 14-19 |
|---|---|---|
| Kang Dec. | Declaration of You Jae Kang in Support of Plaintiff's Application | Dkt. 16 |
| Arnaiz Dec. | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | Dkt. 14 |
| Scully Dec. | Declaration of Brieanne Scully in Support of Plaintiff's Application | Dkt. 15 |
| Yamali Aff. | Affidavit of Danielle S. Yamali in Further Support of Plaintiff's Application | Dkt. 19 |
| TRO | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on August 27, 2019 | N/A |
| PI Show Cause Hearing | September 11, 2019 hearing to show cause why a preliminary injunction should not issue | N/A |
| PI Order | September 17, 2019 Preliminary Injunction Order | Dkt. 5 |
| User Account(s) | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| | | |
|---|---|---|
| **Baby Shark Products** | Smart has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Baby Shark Content** | One of Smart's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Applications** | U.S. Trademark Serial Application No. 79/253,035 for "BABY SHARK" a variety of goods in Classes 41, 25, 16 and 9; **pinkfong Baby Shark**, which is covered by U.S. Trademark Serial Application No. 88/046,099 for a variety of goods in Class 28; **pinkfong**, which is covered by U.S. Trademark Serial Application No. 79/252,869 for a variety of goods in Class 41; "PINKFONG BABY SHARK", which is covered by U.S. Trademark Serial Application No. 79/249,403 for a variety of goods in Classes 24 and 21; and "PINKFONG BABY SHARK", which is covered by U.S. Trademark Serial Application No. 88/396,786 for a variety of goods in Class 25 | N/A |
| **Baby Shark Registrations** | U.S. Trademark Registrations: No. 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; No. 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; No. 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; and No. 4,993,122 for "PINKFONG" a variety of goods in Classes 9 and 25 | N/A |
| **Baby Shark Marks** | The Baby Shark Registrations and Baby Shark Applications | N/A |
| **Baby Shark Works** | U.S. Copyright Registrations: No. VA 2-130-856, covering Baby Shark; No. VA 2-130-847, covering Daddy Shark; No. VA 2-130-854, covering Mommy Shark; No. VA 2-131-983, covering Pink Fong Mascot; No. SR 823-609, covering Baby Shark (Sound Recording and Music); No. PA 2-142-905, covering Baby Shark (Motion Picture) | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark | N/A |

| | Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on March 31, 2020 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Baby Shark Marks and Baby Shark Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II.   **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.00) ("Defaulting Defendants' Individual Damages Award") in statutory damages against each of the Sixty-Three (63) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00) ("Defaulting Defendants' Collective Damages Award") and post-judgment interest;

### III.   Permanent Injunction

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Baby Shark Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or incorporating one or more of the Baby Shark Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Baby Shark Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's Baby Shark Marks and Baby Shark Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and Baby Shark Works to identify any goods or services not authorized by Plaintiff;

2

D. using any of Plaintiff's Baby Shark Marks and Baby Shark Works, or any other marks or artwork that are confusingly or substantially similar to the Baby Shark Marks and Baby Shark Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i.   Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii.  Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

    G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Baby Shark Marks and Baby Shark Works, or bear any marks or artwork that are confusingly or substantially similar to the Baby Shark Marks and Baby Shark Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

C.   knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4)   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

A.   providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B.   knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

## IV.   Order Authorizing Continued Alternative Service by Electronic Means

1)   IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## V.   Temporary Continuance of Asset Restraint

1)   IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

## VI.   Post-Judgment Asset Restraint and Transfer Order Pursuant to Rules 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's Inherent Equitable Powers

1)   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64

of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable

powers to issue remedies ancillary to its authority to provide final relief, and given the

difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Frozen Assets

from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting

Defendants' Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby

released and transferred to Plaintiff as full satisfaction of Defaulting Defendants' Individual

Damages Awards for that Defaulting Defendant, and those Defaulting Defendants' Frozen

Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel

within twenty (20) business days following the service of this Order, and upon receipt by

Plaintiff's counsel of such Defaulting Defendants' Frozen Assets in full satisfaction of

Defaulting Defendants' Individual Damages Awards, the Financial Institution(s) holding that

Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen Accounts may

unfreeze that Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen

Accounts.  To the extent that Defaulting Defendants' Frozen Assets are less than Defaulting

Defendants' Individual Damages Awards, that Defaulting Defendants' Frozen Assets are

hereby released and transferred to Plaintiff as partial satisfaction of Defaulting Defendants'

Individual Damages Awards for that Defaulting Defendant and those Defaulting Defendants'

Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's

counsel within twenty (20) business days following the service of this Order, and

2)   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule

64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies

ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendants' Frozen Assets until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to it by that Defaulting Defendants under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to them by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting

Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of Defaulting Defendants' Individual Damage Awards, unless Defaulting Defendants have filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

## VII.    Miscellaneous Relief

4) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

5) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

6) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

8

7) This Court shall retain jurisdiction over this matter and the parties in order to construe and
enforce this Order.


**SO ORDERED.**

SIGNED this ___6___ day of ___July___, 2020, at _____ ___.m.

/s/ John G. Koeltl

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

9